NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0196n.06

No. 25-5874

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Apr 29, 2026

KELLY L. STEPHENS, Clerk

In re: VAN R. IRION,

  Respondent - Appellant.

)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

       OPINION

Before: KETHLEDGE, WHITE, and LARSEN, Circuit Judges.

KETHLEDGE, Circuit Judge. The district court sanctioned attorney Van Irion after it found that he had violated several rules of professional conduct. Irion appeals the district court's order imposing sanctions. We reject his arguments and affirm.

I.

In 2020, Irion began to represent two clients—Glenn Whiting and ARD Property Management—in a suit against the city of Athens, Tennessee, and two city officials. Whiting claimed that the officials had retaliated against him by condemning a building owned by ARD Property Management—a trust for which, he initially said, he served as the "executor." Throughout the litigation, Irion represented that Whiting was either a "beneficiary," a "trustee," or both, of the ARD trust—which, Irion argued, entitled Whiting to compensatory damages for costs incurred because of the building's condemnation. At trial, Whiting failed to present any evidence that he was a trustee or a beneficiary. Meanwhile, the defendants introduced trust documents which showed that Whiting was not a beneficiary, and that he could become a trustee only at the

discretion of the board of trustees. The district court thereafter entered judgment as a matter of law in favor of the defendants on the issue of compensatory damages.

In 2023, Irion began to represent Whiting in another suit against the city of Athens and several city officials before the same magistrate and district judges. Irion eventually withdrew from representing Whiting, saying that he could no longer effectively represent Whiting due to the "clear bias" displayed by the district judge. Whiting proceeded pro se. Yet Irion secretly continued to draft and edit filings for Whiting, which Whiting then submitted under his own name.

In August 2024, the district judge who presided over the two earlier suits (and others filed by Irion) ordered him to show cause why he should not be sanctioned for misrepresenting, among other things, Whiting's status as a trustee in the first suit, and for ghostwriting Whiting's filings in the second suit after he had withdrawn. The judge appointed an attorney to investigate "allegations of misconduct" and to "prosecute any disciplinary proceedings." Irion moved for the judge to recuse himself from the disciplinary proceeding, which he declined to do. After several months of discovery, including Irion's deposition, the court entered an amended order to show cause. In response, Irion admitted that he had repeatedly and incorrectly represented that Whiting was a trustee or beneficiary of the ARD trust, but said he had not done so intentionally, and that he had relied on Whiting's representations.

Irion waived his right to a hearing. The court thereafter issued an exhaustive, 80-page opinion, in which it found that Irion had violated several rules of professional conduct in both suits. The court therefore suspended Irion from practice in the Eastern District of Tennessee for five years, to be followed by a two-year probationary period, and ordered him to write a letter of apology to the affected defendants and their attorneys. It also ordered Irion to reimburse the court for the expense of the disciplinary proceeding. This appeal followed.

II.

"Federal courts have the inherent authority to discipline attorneys practicing before them and to set standards for their conduct." *Berger v. Cuyahoga Cnty. Bar Ass'n*, 983 F.2d 718, 724 (6th Cir. 1993). The District Court for the Eastern District of Tennessee has formalized this authority under its local rules. *See Theard v. United States*, 354 U.S. 278, 281-83 (1957). The rules adopt the Tennessee Supreme Court's rules of professional conduct as the "minimum standards" for members of the court's bar; they provide that the court may discipline those who violate that standard; and they prescribe procedures for disciplinary proceedings. E.D. Tenn. L.R. 83.6, 83.7.

We review the district court's imposition of sanctions under this authority for an abuse of discretion. *Jones v. Illinois Cent. R. Co.*, 617 F.3d 843, 850 (6th Cir. 2010).

A.

Irion argues that the district judge denied him due process in three ways. First, Irion contends that the judge, by failing to recuse, denied him his right to a fair tribunal. A judge denies a party that right if the judge presides over a case where the objective "probability" of actual bias on his part is unacceptably high. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 887 (2009). Here, Irion says that an objective observer would have concluded that the judge could not be impartial after Irion had accused him of manipulating case assignments to ensure that he presided over Irion's earlier suits; of filing the order to show cause to retaliate against Irion for his complaints about that alleged manipulation in an en banc petition; and of improperly removing from the docket the initial order to show cause. But "not every attack on a judge disqualifies him from sitting." *Id.* at 880 (citation modified). And Irion's allegations were not comparable to the kinds of extreme attacks—for instance, "highly personal aspersions"—that have been held to

prevent the average judge from remaining neutral. *See Mayberry v. Pennsylvania*, 400 U.S. 455, 466 (1971).

Second, Irion contends that the judge denied him his right to a fair tribunal because the judge both initiated the disciplinary proceeding and presided over it. But a tribunal may combine "investigative and adjudicative functions" without necessarily offending that right. *See Withrow v. Larkin*, 421 U.S. 35, 58 (1975). And Irion has not shown that the procedures used in the disciplinary proceeding—or his prior relationship with the judge—made the judge "so psychologically wedded" to the allegations made in the order to show cause that he could not be fair. *Id.* at 57. On the contrary, the record shows that the judge, after he had received evidence, withdrew or declined to find established several of his initial allegations. Irion therefore cannot make out a violation of his right to a fair tribunal.

Third, Irion contends that he failed to receive fair notice of the charges against him, because the judge amended the order to show cause after Irion had been deposed and had produced evidence in discovery. True, under some circumstances, a tribunal can violate a defendant's right to fair notice by amending the charges against him after the proceeding has begun. *In re Ruffalo*, 390 U.S. 544, 551 (1968). But such a violation occurs only if the amendment prejudices the defendant. *See Zauderer v. Off. of Disciplinary Couns. of Sup. Ct. of Ohio*, 471 U.S. 626, 654, 654 n.18 (1985). Here, though the amended order cited additional rules of professional conduct that Irion allegedly violated, it contained the same factual claims as did the first order: that Irion had misrepresented Whiting's relationship with the trust, and that he had ghostwritten some of Whiting's filings while Whiting was nominally proceeding pro se. Irion fails to develop any argument as to how he was prejudiced by the amended order, so he has not shown a violation of his right to fair notice.

B.

Irion raises four more arguments. First, he argues the judge abused his discretion by failing to recuse himself under 28 U.S.C. § 144. That provision requires a judge to do so when an objective observer with knowledge of all the facts would question the judge's impartiality. *See Alemarah v. Gen. Motors, LLC*, 980 F.3d 1083, 1086 (6th Cir. 2020). Here, Irion asserts that the judge failed to credit his allegations that there was less than a 1-in-500 chance that the case assignments in his two earlier suits had been random, and that others of his cases had also been assigned to the judge; that the Bates stamps on documents in those other cases were retroactively changed after a new judge was assigned to the case; and that the first two versions of the order to show cause had been removed from the docket in the disciplinary proceeding. The judge, however, reasonably concluded that these allegations—even taken as true—would fail to cause an objective observer to question his impartiality, because they were all consistent with established procedures of the court.

Second, Irion argues that the district court ordered him and Whiting to produce what he says were privileged materials. But a party who asserts that material is privileged from disclosure must establish that entitlement. *See In re Columbia/HCA Healthcare Corp. Billing Pracs. Litig.*, 293 F.3d 289, 294 (6th Cir. 2002). Here, both in the district court and on appeal, Irion made only a conclusory assertion that either the attorney-client or work-product privileges applied to an unspecified group of documents. He therefore has not established an entitlement to either privilege.

Third, Irion argues that the district court erroneously found that he had misrepresented the trust documents in a motion in the second case. In that motion, Irion asserted that the trust documents showed that Whiting eventually "would become" a trustee. But those documents

instead showed that the board of trustees could, in its discretion, either "fill" a trustee vacancy, or decline to fill it. The district court therefore did not err in finding that Irion had misrepresented the documents.

Finally, Irion asserts that the court's order to write a letter of apology was unconstitutional. He fails to develop any argument or cite any authority in support of this assertion, however, so he has forfeited the issue. *See United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2010).

The district court's order is affirmed.